IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY CERRETA, and | : | Case No. 4:16-cv-0706 |
| JOSEPH CERRETA, | : | |
| | : | Judge Brann |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| RED ROOF INNS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**<u>MEMORANDUM</u>**

September 6, 2016

## I.  BACKGROUND

Plaintiff spouses, Kimberly and Joseph Cerreta, hereinafter "Mr. Cerreta,"

"Mrs. Cerreta," or collectively "the Cerretas," filed a complaint against Defendant

Red Roof Inns, Inc., hereinafter "Red Roof," in the Court of Common Pleas of

Lackawanna County.  On April 27, 2016, Red Roof removed the action to this

Court on the basis of diversity of citizenship.[1]   Red Roof promptly filed a motion

---

[1] ECF No. 1.

to dismiss the Cerreta's demand for punitive damages.[2]  The motion will be denied for the reasons that follow.

## II.   **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." Such a motion "tests the legal sufficiency of a pleading" and "streamlines litigation by dispensing with needless discovery and factfinding."[3] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[4] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[5]

Beginning in 2007, the Supreme Court of the United States initiated what some scholars have termed the Roberts Court's "civil procedure revival" by significantly tightening the standard that district courts must apply to 12(b)(6) motions.[6] In two landmark decisions, *Bell Atlantic Corporation v. Twombly and Ashcroft v. Iqbal*, the Roberts Court "changed . . . the pleading landscape" by "signal[ing] to lower-court judges that the stricter approach some had been taking was appropriate under

---

[2] ECF No. 4.
[3]

*In re Hydrogen Peroxide Litigation*, 552 F.3d 305, 316 n.15 (3d Cir. 2008) (Scirica, C.J.) (*quoting Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)). *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).

[4]  *Neitzke*, 490 U.S. at 326 (*citing Hishon v. King & Spalding,* 467 U. S. 69, 73 (1984)).

[5]  *Neitzke*, 490 U.S. at 327.

[6]

Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313 (2012).

the Federal Rules."[7] More specifically, the Court in these two decisions "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[8]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[11] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[12]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13] No matter

---

[7] 550 U.S. 544 (2007); 556 U.S. 662, 678 (2009). Wasserman, *supra* at 319–20.
[8]

[9] *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[10] *Iqbal*, 556 U.S. at 678.
[11]

 *Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159, at *3 (3d Cir. Jan. 11, 2016) (Jordan, J.) (internal quotations and citations omitted).

[12] *Twombly*, 550 U.S. at 556.

[13] *Iqbal*, 556 U.S. at 679.

the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[14]

When disposing of a motion to dismiss, a court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]."[15] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[16] "After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss."[17] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual

---

[14] *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).
[15] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).
[16] *Iqbal*, 556 U.S. at 678 (internal citations omitted).
[17] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.).
[18] *Iqbal*, 556 U.S. at 678.

allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[19]

## III. **DISCUSSION**

Taking the facts alleged in the amended complaint as true, as I am compelled to do in considering a motion to dismiss, the story that unfolds is as follows:

Mrs. Cerreta was scheduled to have "cancer surgery on her tongue" at Geisinger Medical Center in Danville, Pennsylvania on the morning on July 8, 2015.  On July 1, 2015, the Cerretas entered into a contract with Red Roof for it to provide a room at its Danville location on the night of July 7, 2015.  The Cerratas checked into their room and went to bed.  In the early morning hours  of July 8, Mrs. Cerreta woke because she was itching.  She turned on the lights and discovered that she had been bitten more than 50 times by bed bugs.  Mr. Cerreta then woke and discovered that he had also been bitten by bed bugs.   Mrs. Cerreta's sister, who had been sleeping in a separate room, notified the front desk.  The employee there "advised that it was familiar with the appearance of bed bugs as bed bugs had been present at the Danville Red Roof Inn prior to July 8, 2015."

The Cerretas allege that Red Roof took "no action to get rid of same and provide its guests, including the Plaintiffs herein, with a habitable room which was

---

[19] *Connelly*, 2016 WL 106159, at *4 (internal quotations and citations omitted).

free of blood sucking insects."   They further allege that the actions were taking "negligently, knowingly, willfully, and maliciously."

The Cerretas bring a six count complaint for breach of contract, breach of implied warranty of habitability, negligence, negligent infliction of emotional distress, and two counts of loss of consortium.   Red Roof moves to dismiss the punitive damages demand, both generally asserting the Cerretas failed to adequately plead punitive damages, and asserting that punitive damages are not available on the contract and breach of implied warranty of habitability claims.

Under Pennsylvania law, punitive damages are only available to compensate "for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."[20] Fundamentally, punitive damages are penal in nature; the objective is to punish a tortfeasor for his outrageous conduct and to deter him from similar conduct in the future.[21]  Pennsylvania has adopted Section 908(2) of the Restatement (Second) of Torts, which permits punitive damages only for conduct that is "outrageous because of the defendant's evil motive or his reckless indifference to the rights of others."[22] Accordingly, a punitive damages claim must be supported by sufficient evidence to establish: (1) that the defendant had a subjective appreciation of the risk of harm to which the

---

[20] *Hutchison v. Luddy,* 870 A.2d 766, 770 (Pa. 2005) (*citing Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)).
[21] *See id.; see also SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991).
[22] *Feld,*  485 A.2d at 747 (1984) (quoting Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355 (1963); RESTATEMENT (SECOND) OF TORTS, § 908(2)).

plaintiff was exposed; and (2) that he acted or failed to act in conscious disregard of that risk.[23]

"Although ordinary negligence will not support an award of punitive damages, 'punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured.'"[24]  To establish a punitive damages claim, "the state of mind of the actor is vital.  The act, or the failure to act, must be intentional, reckless or malicious."[25]  A plaintiff must allege facts sufficient to support a plausible claim demonstrating this intentional, wanton, reckless or malicious conduct.[26] A showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed.[27]

This Court has consistently held that it is premature to dismiss demands punitive damages prior to discovery.[28]   The Cerretas alleged that Red Roof had knowledge of bedbugs at its hotel, and yet knowingly, willfully and maliciously exposed them to these insects.  The allegations plead here are sufficient to survive a motion to dismiss, as discovery is necessary as to explore these issues.

---

[23] *See Feld*, 485 A.2d at 1097-98.
[24] *Young v. Westfall,* No. 4:06-CV-2325, 2007 WL 675182, at *2 (M.D.Pa. Mar. 1, 2007) (McClure, J.) (*citing Hutchison*, 870 A.2d at 770).
[25] *Hutchison*, 870 A.2d at 770 (*quoting Feld*, 485 A.2d  at 748).
[26]  *See Twombly*, 550 U.S. at 556.
[27]  *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005).
[28] *See, e.g., Cobb v. Nye,* 2014 WL 7067578 (M.D. Pa. December 12, 2014) (Brann, J.).

Moreover, although "[a]s a general rule, punitive damages are not recoverable in an action for breach of contract,"[29] and "traditional contract remedies are the only remedies available to enforce the implied warranty of habitability,"[30] "that rule is no bar to an award of such damages where, as here, the breach of contract also amounts to a recognized tort."[31] "Only where the person who breaks a contract also breaches some duty imposed by society will compensatory or punitive damages be imposed against the wrongdoer in order to punish the wrongful act and in order to serve as a deterrent."[32] "The fact that a plaintiff pleads causes of action in both tort and contract is no basis for denial of punitive damages; Pennsylvania Rule of Civil Procedure 1020 permits such alternative pleading, and requires no election of remedies."[33]  In fact, the contrary is true, "in order to recover punitive damages, a plaintiff must plead some sort of

---

[29] *Rittenhouse Regency Affiliates v. Passen*, 333 Pa. Super. 613, 615, 482 A.2d 1042, 1043 (1984) (*citing Reliance Universal, Inc. of Ohio v. Ernest Renda Contracting Co.*, 308 Pa.Super. 98, 107, 454 A.2d 39, 44 (1982); *Daniel Adams Associates, Inc. v. Rimbach Publishing Inc*., 287 Pa.Super. 74, 77, 429 A.2d 726, 728 (1981); *DeLuca v. Fidelity Bank*, 282 Pa.Super. 365, 368, 422 A.2d 1159, 1161 (1980)).

[30] *McIntyre ex rel. Howard v. Philadelphia Hous. Auth.*, 816 A.2d 1204, 1209 (Pa. Commw. Ct. 2003).

[31] *Margaret Lomberk v. Raymond Lenox*, No. NO. 05404., 1989 WL 817148 (Pa. Com. Pl. Sept. 19, 1989)  (*citing See Standard Pipeline Coating Co. v. Soloman v. Teslovich, Inc.,* 344 Pa. Super. 367, 375, 496 A.2d 840, 844 (1985); *Daniel Adams Associates, Inc. v. Rimbach Publishing, Inc.,* 287 Pa. Super. 74, 77, 429 A.2d 726, 727 (1981).

[32] *Daniel Adams Associates, Inc. v. Rimbach Pub. Inc.,* 287 Pa. Super. 74, 77–78, 429 A.2d 726, 728 (1981), *See also White v. George,* 66 Pa. D. & C.4th 129, 155 (Com. Pl. 2004).

[33] *Id., See, e.g., W.W. Coal Co. v. Pennsylvania National Mutual Insurance Co.,* 75 D.&C. 2d 621, 624-25 (Somerset, 1975).

recovery in tort which arises out of the same transaction."[34]  Plaintiffs have plead that a bed bug free hotel room is a duty imposed by society.  I agree.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss under Rule 12(b)(6) will be denied.  An appropriate Order follows.


BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[34] *Judge v. Shikellamy Sch. Dist*., 135 F. Supp. 3d 284, 299 (M.D. Pa. 2015) (Brann, J.).